**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN ADAMS                                   : | |
| 3747 1st Street, SE | |
| Washington, DC  20032                 : | |
|         Plaintiff                              : | |
| v.                                              : | Case No.: |
| THE UNITED STATES OF AMERICA  : | |
| SERVE:  Eric Holder                    : | |
| Attorney General of the United | |
| States                                          : | |
| Room B-103 | |
| 950 Pennsylvania Avenue, N.W.  : | |
| Washington, DC 20530-0001 | |
| Ronald C. Machen, Jr.                 : | |
| U.S. Attorney for the District of | |
| Columbia                                     : | |
| 555 4th Street, N.W. – 5th Floor | |
| Washington, DC 20530                : | |
|         Defendant                          : | |

**COMPLAINT**
**(Federal Tort Claim Act – Auto Collision – Property Damage - Negligence)**

**JURISDICTION AND VENUE**

Plaintiff, Kevin Adams, by and through his attorney, Marvin Liss, brings this claim against Defendant, United States of America, and for his cause of action states as follows:

1. Jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2671, et seq.

2. Plaintiff, Kevin Adams, is an adult citizen of the United States, residing in the District of Columbia.

3. The cause of this action arose in the District of Columbia, thus venue properly lies with this Court pursuant to 28 U.S.C. § 1402(b).

4. Plaintiff, Kevin Adams, timely filed his administrative claim with the

1

Department of the Navy, Office of the Judge Advocate General, by filing Form 95 pursuant to 28 U.S.C. § 2675(a).  The claim was filed on December 5, 2013. The Defendant has taken no action with regard to said claim and more than six (6) months have passed since the claim was filed with the Defendant. Plaintiff has elected to commence this action pursuant to 28 U.S.C. § 2675(a).

## FACTS

5. On July 18, 2013, at approximately 9:30 a.m., Plaintiff, Kevin Adams, while exercising due care and attention, was operating his motor vehicle along South Capitol Street, SE in Washington, D.C.

6. That at the same time and place aforementioned a motor vehicle being operated by agents, employees, servants and/or permittees of the Defendant was operating his motor vehicle along South Capitol Street, SE in Washington, D.C.

7. At the same time and place aforementioned the Defendant's motor vehicle negligently struck the Plaintiff's motor vehicle.

## COUNT I
### (Negligence)

8. Plaintiff incorporates by reference paragraphs 1 through 7 of this Complaint, and further alleges that the accident and resulting injuries of Plaintiff, Kevin Adams, were the direct and proximate result of the negligence of the Defendant.

9. That at the same time and place aforementioned, it became the duty of said Defendant to operate and/or to have its motor vehicle operated in a safe and prudent manner, to maintain a constant vigilance for all other vehicles around and/or aside of it; to keep its vehicle within its travel lane; not to change lanes until safe to do so; and to observe all the traffic laws, rules and regulations of the District of Columbia.

10. That notwithstanding the Defendant's duties, the Defendant negligently struck the Plaintiff and the violations of the Defendant's duties include, but are not limited to the following:

   a. failure to pay full time and attention to the operation of his motor vehicle;

   b. failure to yield the right of way to the Plaintiff's motor vehicle;

   c. driving negligently, without using reasonable care;

   d. unsafe operation of a motor vehicle;

   e. failure to maintain a proper lookout;

   f. failure to avoid the collision;

   g. failure to keep its vehicle within its travel lane;

   h. failure to change lanes when unsafe to do so; and

   i. failure to comply with the applicable District of Columbia Motor Vehicle and Traffic Regulations then and there in effect.

11. That notwithstanding the aforementioned duties, said Defendant, either individually and/or by and through its employee, agent, servant and/or permittee, failed in the performance thereof, and, without warning, negligently and recklessly caused his motor vehicle to forcefully and violently strike the Plaintiff's vehicle.

12. That as a direct and proximate result of the negligent acts of said Defendant, the Plaintiff, Kevin Adams, sustained severe personal injuries to his neck, back, left shoulder, left arm, headaches and shock to his central nervous system.

13. That as a direct and proximate result of said Defendant's negligence, the Plaintiff, Kevin Adams, has incurred, and will continue to incur, substantial expenses for medical care and attention.

14. That as a direct and proximate result of said Defendant's negligence, the Plaintiff has incurred, and will continue to incur, a loss of salary and wages.

15. That as a direct and proximate result of said Defendant's negligence, the Plaintiff incurred a loss of property namely damage to his motor vehicle.

**WHEREFORE**, the Plaintiff, Kevin Adams, demands judgment against the Defendant, United States of America, in the amount of Fifty Five Thousand Sixty Seven Dollars and 50/100 ($55.067.50) plus costs and interests herein.

                /s/Marvin Liss_____
                Marvin Liss #433592
                5225 Wisconsin Avenue, N.W.
                Suite 504
                Washington, DC 20015
                (202) 237-6300
                Attorney for Plaintiff